IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case #: 15-10724 |
| | ) | Chapter 7 |
| PHILIP CRAIG BURKE | ) | |
| NEKOLIA SWOPE BURKE | ) | |
| | ) | |
| Debtor(s) | ) | |

**MOTION TO COMPEL ABANDONMENT OF PROPERTY OR IN THE ALTERNATIVE TO ALLOW DEBTORS TO CONVERT TO CHAPTER 13**

---

**NOTICE OF HEARING**

**Notice is hereby given that:**

A hearing will be held June 18, 2015, at 10:30 a.m., in Courtroom A, United States Bankruptcy Court, 31 East 11th Street, Chattanooga, Tennessee 37402, on the following:

**MOTION TO COMPEL ABANDONMENT OF PROPERTY OR IN THE ALTERNATIVE TO ALLOW DEBTORS TO CONVERT TO CHAPTER 13**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

---

Come now Philip and Nekolia Burke, the Debtors, by and through counsel, and moves this Court to compel Richard P. Jahn Jr., Chapter 7 Trustee, to abandon assets of the Debtors' Chapter 7 estate by filing a No Distribution Report with this Court. The Trustee has filed a motion requesting that this Court require the Debtors' to vacate their residence (located at 1860 Richmond Lane, Chattanooga, TN 37421 and hereinafter referred to as the "Property") so that the Property may be sold. However, the Debtors

contend that said Property would provide little or no value to their creditors and should not be sold. In support of their Motion, the Debtors would show as follows:

1. The Property is encumbered by a sole lien of approximately $91,000 held by Chattanooga First Federal Credit Union.

2. The Debtors are entitled to a $7,500 homestead exemption.

3. In anticipation of their 11 USC § 341 meeting of creditors, the Debtors obtained an appraisal from Joseph A. Ramirez, III, a licensed appraiser. Said appraisal valued the Property at $108,000. See attached "Exhibit 1" for a copy of Mr. Ramirez's appraisal.

4. On their petition, the Debtors stated the value of the lien, the value of the exemption, and the value of the Property obtained through the appraisal. At the meeting of creditors, the Debtors argued that after closing costs to sell the Property, there would be little to no value to their creditors.

5. During the meeting of creditors, the Trustee expressed his dissatisfaction with Mr. Ramirez's appraisal. After continuing the meeting of creditors, the Trustee had a real estate associate briefly tour the Property. The Trustee's associate advised the Trustee that the Property was worth somewhere in the $175,000 to $200,000 range.

6. The Debtors responded to the Trustee's assertions by pointing to the extensive repairs the Property would need before it could be sold. The Property has extensive mold, structural damage, and roof problems. The Debtors contend that the Property needs approximately $60,000 in repairs. The Trustee believes those repairs would be less than $5,000.

7. Following informal negotiations between the Debtors and the Trustee, the Debtors obtained quotes from three different home repair companies, Mountain City Construction Company, Hullco Exteriors, and Servpro. Said estimates are attached as "Exhibit 2," "Exhibit3," and "Exhibit 4," respectively. The three estimates were $68,452, $54,646, and $53,378, respectively.

8. The Debtor is in the process of obtaining another appraisal from another licensed appraiser. At the time of filing this Motion, the appraiser has been unable to complete the appraisal.

WHEREFORE the Debtors request that the Court compel of all collateral.

ALTERNATIVELY, the Debtors would request that they be allowed to convert to Chapter 13 and propose a plan that would meet or exceed the best interests of the creditor's test based on the two appraisals of the subject Property.

Respectfully submitted,

Law Office of W. Thomas Bible, Jr.
/s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr., BPR 014754
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421
423-424-3116
tom@tombiblelaw.com
Attorney for the Debtor

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that this Motion has been properly served on the chapter 7 Trustee at the address below.

    Richard P. Jahn, Jr.
    1200 Mountain Creek Road, Ste. 160
    Chattanooga, TN 37405

    <u>/s/ W. Thomas Bible, Jr.</u>
    W. Thomas Bible, Jr., BPR 014754